UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON SAVARESE | CIVIL ACTION |
| VERSUS | NO: 09-129 |
| PEARL RIVER NAVIGATION, INC. | SECTION: R(5) |

### ORDER AND REASONS

Before the Court are plaintiff Jason Savarese's motions *in limine* to exclude past criminal convictions and the recorded statement of Mr. Jeff Dark.[1] Also before the Court are Savarese's objections to defendant Pearl River Navigation, Inc.'s proposed trial exhibits.[2] For the following reasons, Savarese's motions *in limine* are GRANTED IN PART and DENIED IN PART, and his evidentiary objections are GRANTED IN PART and DENIED IN PART.

---

[1] (R. 82, 83.)

[2] (R. 84, 91.)

I.   BACKGROUND

On November 16, 2008, Savarese was working as a deckhand in the crew quarters of a Pearl River crane barge.  The crane barge was attempting to lift and load sections of a sunken barge onto an adjoining material barge when a crane cable slipped and snapped, causing the crane's boom to crash onto the deck of the crane barge.  Savarese allegedly fell and injured himself as he attempted to flee the crew quarters.  The parties do not contest that Pearl River is at fault for the crane's failure, but they do contest the nature and extent of Savarese's damages.  A bench trial is set for August 2, 2010.

II.  DISCUSSION

A.   **Savarese's Criminal Records**

Rule 609(a)(1) of the Federal Rules of Evidence provides that a criminal conviction may be used to impeach the character for truthfulness of a witness, subject to Rule 403,[3] if the crime was punishable by more than one year imprisonment.[4]  In the

---

[3]   Fed. R. Evid. 403 (providing that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").

[4]   Fed. R. Evid. 609(a)(1).

2

context of a bench trial, excluding relevant evidence under Rule 403 on the basis of unfair prejudice "is a useless procedure."[5] Rule 609(a)(2) additionally provides that any criminal conviction may be used to impeach the character for truthfulness of a witness "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."[6] Crimes involving dishonesty or false statement include crimes such as perjury, criminal fraud, embezzlement, or any other offense involving some element of deceit, untruthfulness or falsification.[7]

Pearl River seeks to introduce evidence of Savarese's rather lengthy criminal history. Savarese's misdemeanor convictions for battery, telephone harassment and violation of protective orders were not punishable by more than one year imprisonment, and thus they are not admissible under Rule 609(a)(1). Nor is there any indication that these convictions involved acts of dishonesty or false statement, and thus they are not admissible under Rule 609(a)(2). Furthermore, these convictions are not admissible

---

[5] *Gulf States Util. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981); *see also Williams v. City Police Abbeville*, 19 F.3d 14, 14 (5th Cir. 1994) (same); *Dixon v. Henderson*, 186 F. App'x 426, 429-30 (5th Cir. 2006) (same).

[6] Fed. R. Evid. 609(a)(2).

[7] Fed. R. Evid. 609 advisory committee notes.

extrinsic acts under Rule 404(b) because Pearl River has made no showing that they have anything to do with Savarese's purported "motive" for asserting injuries in this case, namely, to obtain prescription pain medication.[8]  Savarese's misdemeanor convictions are not admissible.

On the other hand, four of Savarese's convictions were punishable by more than one year imprisonment and thus are admissible under Rule 609(a)(1).  Specifically, on March 29, 2004, Savarese pleaded guilty to felony counts of simple burglary in violation of La. Rev. Stat. 14:62; unauthorized entry of an inhabited dwelling in violation of La. Rev. Stat. 14:62.3; possession of a Schedule I controlled dangerous substance in violation of La. Rev. Stat. § 40:966(D); and possession of a Schedule II controlled dangerous substance in violation of La. Rev. Stat. 40:967(C).[9]  Because the Court will be able to exclude any improper inferences from these four felony convictions in reaching its decision at trial,[10] these convictions are admissible under Rule 609(a)(1) to impeach Savarese's character for truthfulness.

---

[8] Fed. R. Evid. 404(b) (providing that evidence of other crimes, wrongs, or acts may be admissible to show motive).

[9] (*Id.*)

[10] *Gulf States*, 635 F.2d at 519.

4

Pearl River contends that all of Savarese's past convictions are relevant to his vocational rehabilitation options because his convictions may disqualify him from certain types of employment.[11]  There is no indication, however, that Savarese's claim for damages in any way relies on positions from which he would be disqualified.  Moreover, because the Court has already determined that Savarese's felony convictions are admissible under Rule 609, any probative value of the remainder of Savarese's criminal record would be substantially outweighed by considerations of needless presentation of cumulative evidence if offered to show employment eligibility.[12]  Savarese's misdemeanor convictions are not admissible.

Apart from his criminal convictions, there is evidence that Savarese has spent periods of time in prison.  These periods may be relevant for two reasons.  First, in opposition to Pearl River's *McCorpen* defense, Savarese argues that "[t]he most current incident of cervical spine complaint prior to the crane accident of November, 2008, was almost seven years earlier on January 14, 2002.  Similarly, Plaintiff's previous lumbar spine

---

[11]  (R. 87 at 3.)

[12]  *See* Fed. R. Evid. 403; *Gulf States*, 635 F.2d at 519 ("Excluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power . . . .").

complaints involved minimal medical treatment, the most recent of which occurred on February 10, 2004, almost five years prior to the accident on Defendant's crane barge."[13]  Evidence that Savarese was in prison for a substantial period after January 14, 2002 could explain this absence of cervical and lumbar spine complaints.  Pearl River may introduce evidence sufficient to demonstrate any period that Savarese spent in prison after January 14, 2002.

Second, Pearl River contends that Savarese is not entitled to maintenance and cure for periods during which he has been incarcerated.  It is true that "one who has not paid his own expenses . . . cannot recover maintenance and cure from the ship owner."[14]  A number of courts in this district have concluded that maintenance and cure is not available during periods of incarceration because a prisoner does not incur actual expenses

---

[13]   (R. 79 at 6.)

[14]   *Marine Drilling, Inc. v. Landry*, 302 F.2d 127, (5th Cir. 1962) (finding that "one who has not paid his own expenses, whether a minor living at the home of his parents or otherwise, cannot recover maintenance and cure from the ship owner"); *Johnson v. United States*, 333 U.S. 46, 50 (1948) (finding plaintiff not entitled to maintenance and cure when he "incurred no expense or liability for his care and support at the home of his parents").

6

or liability for his care and support.[15] Pearl River thus may present evidence demonstrating that Savarese was incarcerated during any period for which Savarese claims maintenance and cure.

**B.   Jeff Dark's Statement**

Pearl River seeks to admit a "statement" of Jeff Dark.[16] The statement purports to be a written transcription of a telephone conversation between Mr. Jeff Dark, a witness of the accident on the crane barge, and Pearl River's attorney, Todd Crawford.  The recording itself has not been submitted to the Court, however, and the written transcription is not sworn to be true and accurate.  Nor was the transcription authenticated at Mr. Dark's deposition.  At this point, no foundation has been laid for the purported statement of Mr. Dark, and the Court cannot conclude that it is what it purports to be.[17]  The statement is inadmissible on the current record.

---

[15]   *See, e.g.*, *Henry v. Gulf Dumar Marine, Inc.*, Civ. A. No. 98-3497, 2000 WL 1119115, at *1 (E.D. La. Aug. 4, 2000); *Theriot v. C&E Boat Rentals*, Civ. A. No. 89-4955, 1991 WL 2732, at *2 (E.D. La. Jan. 10, 1991).

[16]   (Def.'s Trial Ex. 13.)

[17]   Fed. R. Evid. 901(a), (b)(1), (6); Fed. R. Evid. 901 advisory committee notes ("The cases are in agreement that a mere assertion of his identity by a person talking on the telephone is not sufficient evidence of the authenticity of the conversation and that additional evidence of his identity is required.").

On the other hand, Mr. Dark testified at his deposition that he remembered having a recorded conversation with Mr. Crawford.[18] If Pearl River still seeks to introduce the statement at trial, Pearl River shall produce a copy of the recording to Savarese. If the parties continue to dispute the authenticity of the transcription, the issue may be raised at trial.

If Mr. Dark's statement is properly authenticated, it may be admissible to show the consistency of Mr. Dark's deposition testimony. As required by Rule 801(d)(1)(B), Savarese has already had an opportunity to, and did in fact, cross examine Mr. Dark concerning the statement at his deposition.[19] Moreover, Savarese has opened the door to the statement by expressly charging Mr. Dark of recent fabrication.[20] Indeed, at Mr. Dark's deposition, Savarese used the statement itself to *impeach* Mr.

---

[18] (R. 101 at 65-66.)

[19] Fed. R. Evid. 801(d)(1)(B) (providing that prior consistent statement not hearsay if declarant testifies, is subject to cross-examination concerning the statement, and the statement is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication . . . .").

[20] *Tome v. United States*, 513 U.S. 150, 157 (1995) ("The Rules do not accord this weighty, nonhearsay status to all prior consistent statements. To the contrary, admissibility under the Rules is confined to those statements offered to rebut a charge of 'recent fabrication or improper influence or motive' . . . .").

8

Dark's deposition testimony.[21]  Having already used the statement to impeach Mr. Dark, Savarese may not now object to Pearl River's use of the statement to rehabilitate Mr. Dark.  Lastly, Mr. Dark's statement was made long before his allegedly consistent deposition testimony.[22]  The statement, if authentic, is admissible under Rule 801(d)(1)(B).

**C.  Objections to Exhibits**

Savarese has withdrawn most of his initial evidentiary objections, and the Court therefore address only his unresolved objections.[23]

Savarese objects to records concerning his shoulder surgery in 2005 on grounds of relevance.[24]  Savarese alleges injuries to only his "spine and lower extremities" in his complaint,[25] and Pearl River has not demonstrated that Savarese's past shoulder injury has any bearing on the cause, nature or extent of these

---

[21] (R. 101 at 62-63.)

[22] *See Tome*, 513 U.S. at 157 (holding that prior consistent statement admissible under Rule 801(d)(1)(B) only if made before purported fabrication or improper influence or motive arose).

[23] (R. 91.)

[24] (Def.'s Trial Ex. 32.)

[25] (R. 1.)

alleged injuries.  Moreover, there has been no showing that Savarese's past shoulder injury is causally linked to his alleged injuries, and thus Savarese's failure to disclose his past shoulder injury in his pre-employment interview is irrelevant to Pearl River's *McCorpen* defense.[26]  Because Pearl River has not demonstrated that Savarese's past shoulder injury is relevant to any material issue in this case, Savarese's objection is SUSTAINED.  Although Savarese's shoulder injury *per se* is not relevant to this case, the statement by Savarese's orthopedist that Savarese had "one of the most impressive narcotic tolerance that were seen in the preoperative holding area . . . I suspect that although he has complained of extreme pain, he may either have significant drug tolerance or probably usage for narcotics in the past" is relevant.[27]  Evidence of Savarese's alleged addiction to pain medication is relevant to Savarese's motive for asserting injuries in this case.[28]

---

[26] *See Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, (5th Cir. 2005) (finding that "even an intentional misrepresentation of medical facts which would have been material to the employer's hiring decision is insufficient to overcome an obligation of maintenance and cure, barring a connection between the withheld information and the injury which is eventually sustained.")

[27] (Def.'s Trial Ex. 32 at 1406.)

[28] *See* Fed. R. Evid. 404(b); *United States v. Cunningham*, 103 F.3d 553, 556 (7th Cir. 1996) (finding that past drug

10

Savarese next objects to the admission of medical records from the Lakeview Medical Center on grounds of relevance.[29] Savarese seems to acknowledge that at least some of the records are relevant, however, and he does not identify the particular records he seeks to exclude.[30] To the extent Savarese seeks to exclude *in globo* all records from the Lakeview Medical Center, his objection is OVERRULED. This is not to say that all of the Lakeview Medical Center records are relevant and not needlessly cumulative. Pearl River must demonstrate the relevance of any particular document it introduces at trial, and Savarese may reassert his objection if necessary at that time. The Court observes that records concerning Savarese's past back and neck injuries will be relevant to his damages and to Pearl River's *McCorpen* defense. As stated above, evidence concerning Savarese's alleged addiction to pain medication also will be relevant to Savarese's motive for asserting injuries in this

---

convictions admissible under Rule 404(b) "to show that the defendant in a robbery case is an addict and his addiction is offered as the motive for the robbery."); *United States v. Madden*, 38 F.3d 747, 751-52 (4th Cir. 1994) ("We fully agree with the obvious proposition that drug use or drug addiction may provide a logical motivation to commit bank robbery to generate the cash necessary to support the habit.").

[29] (Def.'s Trial Ex. 33.)

[30] (R. 78 at 2.)

case.  This would include evidence that Savarese's parole was revoked because he was taking prescription pain medication.[31]

Lastly, Savarese objects to the introduction of records concerning his divorce and child custody proceedings from 2000 through 2007 on grounds of relevance and hearsay.[32]  Savarese's family status from 2000 and 2007 is not relevant to any substantive issue in this case.  Savarese does, however, claim damages for loss of enjoyment of life, and his divorce and child custody proceedings may be relevant to rebut the nature and amount of his alleged damages.  The Court will reserve ruling on this objection until Savarese has presented evidence of his damages at trial.

---

[31]    *Id.*

[32]    (Def.'s Trial Exs. 46, 47.)

**IV. CONCLUSION**

For the reasons stated, Savarese's motions *in limine* are GRANTED IN PART and DENIED IN PART, and his evidentiary objections are GRANTED IN PART and DENIED IN PART.

New Orleans, Louisiana, this 2nd day of August, 2010.

```
              _____Sarah Vance_____
                  SARAH S. VANCE
             UNITED STATES DISTRICT JUDGE
```